## F. L. CARDER v. THE STATE.

### *No. 755.   Decided June 29th, 1895.*

1.   Forgery—Instrument Incomplete Upon its Face—Indictment—Innuendo Allegations.

In setting out the charging part of an indictment for forgery, if the written instrument declared upon as a forgery, is so incomplete in form as not to import a legal liability, the indictment must allege, by appropriate innuendoes, such extrinsic facts as will invest it with legal force, showing that if genuine it would create a legal liability.   See, Indictment held insufficient in this regard.

2.   Same—Allegation as to Partnership or a Joint Stock Company, etc.

Where, in an indictment for forgery, the benificiary in the instrument declared on as forgery, was the "State's Business Men's Association of Texas."   Held:   That the indictment should have alleged whether the association was a co-partnership, a joint stock company or a corporation.

APPEAL from the District Court of Clay.   Tried below before Hon. GEORGE E. MILLER.

This was a prosecution for forgery, under an indictment containing three counts.   At the trial defendant was convicted upon the first count, his punishment being assessed at a term of two years' imprisonment in the penitentiary.

In view of the disposition of the case, made upon this appeal, it is only necessary, as a statement, to set out the charging part of the first count in the indictment, which is as follows:   "Did then and there, without lawful authority, and with intent to injure and defraud, wilfully and fraudulently make a false instrument in writing, purporting to be the act of another, to-wit: the act of Logan & (meaning and) Belcher, a firm name composing R. F. Logan and R. D. Belcher, which false instrument cannot here be set out in *haec verba*, for the reason that the same is in the possession of the said F. L. Carder, alias F. L. Collier, alias F. L. Condron and J. C. Burke, but said false instrument is in substance as follows, to-wit:   'We, the undersigned, promise to become members of the State Business Men's Association of Texas, and promise to pay to said association ten dollars each, for one year's membership in said association, for the purpose of protecting our business and advancing our mutual interest; provided, all the first-class merchants in Henrietta, Texas, will sign this agreement and become members of said association;' which said false instrument would, if the same had been true, have created, increased, diminished, discharged and defeated a pecuniary obligation, against the peace and dignity of the State."

*Stine, Chesnutt & Hurt*, for appellant.—The court erred in overruling the defendant's motion for a new trial and in arrest of judgment for the following reasons, to-wit:   Said indictment is fatally defective, and charges no offense against the laws of this State, for the reason that it

does not show that the alleged forged instrument purported to be the act of Logan & Belcher, or that their names were ever signed to it by this defendant, or any one else, and does not show that said instrument either created, increased, discharged, defeated or diminished a pecuniary objections against Logan & Belcher, or anybody else. Rex. v. Pateman, Russ. & Ry., 455; 20 Tex. Crim. App., 595; Comm. v. Williams, 13 Bush (Ky.), 367.

The indictment is insufficient to support a verdict and judgment for the reason that it shows that the instrument alleged to have been forged, was not the subject of forgery, because it appears from the face of the instrument that the same was not to take effect as a contract until signed by all the first-class merchants of Henrietta, Texas, and there is no allegations that the names of all the first-class merchants of Henrietta appeared to have been signed to it.

An instrument that shows on its face that it is void or that it is not to take effect as a contract, unless signed by other parties, is no contract until signed by them, cannot be the instrument of fraud, and is not the subject of forgery. Henderson v. State, 14 Texas, 503; Howell v. State, 37 Texas, 591; Anderson v. State, 20 Tex. Crim. App., 595.

An indictment for forgery that sets out an instrument which is upon its face, of doubtful validity, is fatally defective unless it alleges extraneous matters, showing that the facts exist upon which the validity of the instrument depends. 1 Wharton, Sec. 740; 19 Minn., 98; 2 Bishop, Sec. 545; 34 Vt., 503; Shannon v. State, 10 N. E., 87; 22 Tex. Crim. App., 548; 27 Tex. Crim. App., 567; 26 Tex. Crim. App., 176.

The indictment is insufficient to support a verdict of conviction, for the reason that the same is repugnant in this: Said indictment alleges that said instrument purported to be the act of Logan & Belcher, but said instrument, as copied in the indictment, has not their names signed to it and does not purport to be their act, and it is further repugnant in that it alleges that said instrument, if true, would have created, increased, diminished, discharged and defeated a pecuniary obligation, whereas the instrument copied in the indictment could not have done any of these things because it does not purport to be the act of anybody, and even if it had purported to have been the act of Logan & Belcher, said instrument as copied, would neither have increased, discharged, defeated or disminished, a pecuniary obligation.

An indictment repugnant in its allegations is defective in matter of substance and will not support a conviction. Becker v. State, 18 S. W. Rep., 550; English v. State, 18 S. W. Rep., 94; 32 Tex. Crim. Rep., 4; 32 Tex. Crim. Rep., 401; 2 Leading Cr. Cs., 2 Ed., 100 to 102; 2 Leach, 572, 753; 19 Vt., 530; 2 Bishop Cr. Pro., Sec. 416.

The court erred in overruling defendant's motion for a new trial for the reasons set forth in the twelfth ground of said motion, here referred to and made a part of this assignment, and because it appeared upon the trial of said motion that the instrument attached to said motion is the instrument that this defendant is charged to have forged, and because

the same was treated as in evidence, both by the counsel for the State and the defendant, and by the jury in considering their verdict, and because the same is not the subject of forgery; that it showed upon its face that it was void until signed by all the leading business men of Henrietta, and the names of all the leading business men of Henrietta were never signed to said instrument; that there was no beneficiary of said instrument, and no payee named therein, and upon the trial of said motion it was conclusively shown that the defendant is not guilty of forgery.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—The appellant in this case was convicted of forgery, and his punishment assessed at confinement in the State penitentiary for a term of two years. The alleged forged instrument is set out in several counts, but, as same is set out with but slight verbal variances, it will only be necessary to quote one of said counts in order to present the assignments in the case: "Said false instrument cannot be set out in haec verba, for the reason that the same is in the possession of the defendant, but said false instrument is, in substance, as follows, to-wit: 'We, the undersigned, promise to become members of the State's Business Men's Association of Texas, and promise to pay to said association ten dollars each for one year membership in said association, for the purpose of protecting our business and advancing our mutual interest, providing all the first-class merchants in Henrietta, Texas, will sign this agreement, and become members of said association,' which said false instrument would, if the same were true, have created a pecuniary obligation, etc." The appellant contends in this case that the said instrument, on its face, as set out, does not import a pecuniary obligation, or, if it does, that said pecuniary obligation is conditioned on the signature of all the first-class merchants in Henrietta, Texas. It is a rule, in setting out the charging part in an indictment for forgery, that, if the written instrument declared upon as a forgery is so incomplete in form as not to import a legal liability, then, to sufficiently charge forgery upon it, the indictment must allege such facts as will invest it with legal force, and show that, if genuine, it would create a legal liability, and such facts are set forth by appropriate innuendoes. If it be conceded that the instrument in question was the subject of forgery, then it shows upon its face that it would only create a complete legal liability when the same should be signed by all of the leading merchants in Henrietta. On its face, it is clear that no one was required to pay the $10 subscription until all of the leading merchants of said place should have signed said instrument; and the indictment should, by appropriate innuendoes, have averred such facts as completed the instrument, and made it create a legal liability against those signing it. From the face of this indictment, it appears that the organization of the State's Business Men's Association of Texas did not become completed until all of the leading business men of Henrietta should have signed the

instrument in question, and then each member was liable to pay the sum of $10 for one year membership. It is possible, by appropriate averments, that an instrument of this character might be the subject of forgery, but such averments were not set out in this case. See Anderson v. State, 20 Tex. Crim. App., 595; Hendricks v. State, 26 Tex. Crim. App., 176; King v. State, 27 Tex. Crim. App., 567. From the record before us it appears that by the use of this instrument, or one nearly similar thereto, in connection with defendant's representations, he obtained money, in sums of $10, from certain parties of Henrietta; and it appears to us that the transaction was more in the nature of obtaining money under false pretenses, than forgery. We would observe, further, that the beneficiary, as shown in said instrument, is the State's Business Men's Association of Texas. What this was—whether a copartnership, a joint-stock company, or corporation—should have been shown. For the errors discussed the judgment is reversed and the cause remanded.

*Reversed and Remanded.*