### ISAIAH COLTER v. THE STATE.

#### No. 1714. Decided February 1, 1899.

**1. Forgery—Indictment—Innuendo.**

In an indictment for forgery, it is proper to set forth the meaning of misspelled words by innuendo averments.

**2. Same—Explanatory Averments.**

In an indictment for forgery, it is proper pleading, by explanatory averment, to allege (where such is the case) that the name of the purported maker of the instrument was signed on the reverse or opposite side of the instrument, because there was no room on that page to sign the name.

**3. Same—Averment as to Payee.**

In an indictment for forgery of an order, the name of the payee, or something from which to ascertain to whom the payment is to be made, is essential; and where the instrument is not made payable to bearer, but to "a negro," it should be stated, by explanatory averment, what negro.

**4. Same—Averment as to Partnership.**

On a trial for forgery of an order drawn against a copartnership firm, the indictment should, by explanatory averment, set out who composed the firm.

APPEAL from the District Court of Kaufman. Tried below before Hon. J. E. DILLARD.

Appeal from a conviction for forgery; penalty, three years imprisonment in the penitentiary.

No statement necessary.

*J. S. Woods,* for appellant.

*Robt. A. John,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of forgery, and his punishment assessed at confinement in the penitentiary for a term of three years, and he prosecutes this appeal.

Said forged instrument is as follows: .

"Office of W. E. Ditto
The Cash Merchant.                              Kaufman, Texas,
Dry goods, clothing,                            June 4th, 1898.
shoes, groceries &
queensware.

"Mr. Thompson, dear sir
"if you please let the negro have some cind of a buggy he is alwrit
if you will give him untill foll he will pay for I will see that he will pay
for it myself you neants to be afraid of him if you will let him have it
let him have a pair of harness too if you have one any cheper than that
$35 one let hime hove it."

And the said false instrument was signed, "A. J. Hurley, Stubbs,
Texas."

The State set forth the meaning of a number of misspelled words by
innuendo averments, which, we think, was proper and sufficient; and, by
an explanatory averment, it is alleged that the name "A. J. Hurley"
was signed on the reverse or opposite side of said alleged forged instru-
ment, because there was no room on that page to sign the name. This,
we think, was proper pleading. The State further undertook to set out,
by explanatory averments, with reference to the payee of said written
instrument, and with reference to the payor. We quote from the alle-
gations in the indictment in that regard, as follows: "The above in-
strument, made as aforesaid, by the said Isaiah Colter, was presented
by the negro mentioned in said instrument to Mr. Thompson; and the
said Mr. Thompson was one E. E. Thompson, who was then and there
a member of the firm of Thompson Brothers, said firm being hardware
merchants, and dealers in buggies and harness; and said negro, who so
presented and was the bearer of said instrument aforesaid, was the de-
fendant herein, and was presented by him to the said E. E. Thompson
for the purpose of obtaining from the said Thompson Brothers a buggy
and harness on the credit of the said A. J. Hurley. That said false
instrument would, if the same had been true, have created a pecuniary
liability on the part of the said A. J. Hurley to pay the said Thompson
Brothers the value of said buggy and harness." Appellant questions
the validity and legality of said indictment, because the explanatory
averments do not sufficiently declare in whose favor said order was
made, nor who composed the said firm against whom it was drawn.
We may deduce by a method of inference that Isaiah Colter was a negro,
and that he was the negro in whose favor said order was drawn, but such
inference, even, is far-fetched. We believe that there should have been
in the indictment a distinct allegation to the effect that the said Isaiah
Colter was a negro, and that he was the negro in whose favor said order
was drawn, and to whom it was intended the buggy and harness should
be sold. See Bish. Stat. Crimes, sec. 336. We quote from said section as
follows: "The name of a payee or something from which to ascertain

to whom the payment is to be made is essential." And see authorities there referred to. This is not an instrument drawn payable to bearer, as was the case of Hendricks v. State, 26 Texas Criminal Appeals, 176, but to a negro; and we think it should be stated, by explanatory averment, what negro. The order on its face was drawn against a Mr. Thompson.. The pleader explained that he was Mr. E. E. Thompson, and that the order was intended to be drawn against the firm of Thompson Bros., of which he.was a member, but does not set out who composed the firm of Thompson Bros. We think this should have been done by a proper explanatory averment. For the errors discussed, the judgment is reversed, and the prosecution ordered dismissed.

*Reversed and dismissed.*

DAVIDSON, Presiding Judge, absent.