## JASPER CRAWFORD v. THE STATE.

### No. 1879.   Decided March 22, 1899.

**1. Forgery—Indictment—Innuendo and Explanatory Statements.**

To be sufficient, an indictment for forgery of an instrument which read, "March 31st, 1898. Mr. W. P. W. and Brother—Sir: You will please let J. C. hav too par shoes, one pond of to Baker. [Signed] E. P. F.," should have contained: 1. Allegations showing such extrinsic and explanatory averments, together with such other innuendo averments as would be necessary to charge the defendant with having forged an instrument, which, if true, would have created, increased, diminished, discharged, or defeated a pecuniary obligation. 2. It should have averred that W. P. W. and Brother, or W. P. W., was a merchant and had such goods to sell as were mentioned in said instrument (if such was the case). 3. It should have averred that E. P. F., the purported maker, or the said W., or both, could have been injured; and 4. It should have shown by specific allegations what was meant by the unintelligible words and phrases used in the instrument.

**2. Same—Variance.**

When an indictment charges Jasper Crawford with passing a forged instrument, and the instrument itself shows that it purports to have been drawn in favor of Jasper Craford, this would constitute a variance as to the names.

**3. Same—Request to Firm to Let Another Have Goods.**

A simple request to a mercantile firm to let a third party have goods is not an order to charge the goods to anyone, does not impose an obligation, and will not support a charge of forgery.

APPEAL from the District Court of Shelby.   Tried below before Hon. TOM C. DAVIS.

Appeal from a conviction for passing a forged instrument; penalty, two years imprisonment in the penitentiary.

No statement necessary.

*J. O'B. Richardson,* for appellant, as to the insufficiency of the indictment, cited Womble v. State, 39 Texas Criminal Reports, 24; Cagle v. State, 39 Texas Criminal Reports, 109.

As to variance in names:   Roberts v. State, 2 Texas Criminal Appeals, 4; Parchman v. State, Id., 228.

*Robt. A. John,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of passing, as true, a forged instrument, and his punishment assessed at confinement in the penitentiary for a term of two years, and he appeals.

The indictment charged Jasper Crawford with passing, as true, the following forged instrument in writing, purporting to be the act of an-

other, to wit, the act of E. P. Fraser, which said false instrument is to the tenor following: "March the 31st, '98. Mr. W. P. Williams and Brother—Sir: You will please let Jasper Craford hav too par of shoes, one pond of to Baker. [Signed] E. P. Fraser." Motion in arrest of judgment was filed by appellant on the ground that the indictment did not affirmatively show that the said instrument alleged to have been forged and passed was such an instrument as, if true, would have created, increased, diminished, discharged, or defeated any pecuniary obligation, etc., and did not, of itself, contain sufficient words as to be complete, without other allegations in the indictment showing such extrinsic matters, and explanatory allegations and innuendoes, as is necessary to make the same sufficient in law to charge this defendant with forgery or passing the same as true. Said indictment should have shown that "W. P. Williams and Brother," or "W. P. Williams," mentioned therein, was a merchant, and had such goods to sell as were mentioned in said instrument (if such was the case), and that said E. P. Fraser, the purported maker of said order, or the said Williams, one or both, could have been injured by same. Said indictment should have shown, by specific allegations, what was meant and intended by the words, "too," and "pond of to Baker," and other words contained in said indictment, which are not plain and intelligible; and because there is a variance between the name of "Jasper Craford," as contained in the tenor clause of the indictment, and "Jasper Crawford," the alleged defendant. In our opinion, the grounds urged were well taken, and the motion in arrest of judgment should have been sustained. See Womble v. State, 39 Texas Crim. Rep., 24. In that case we discussed somewhat the prior decisions on this subject; among others, the case of Hendricks v. State, 26 Texas Criminal Appeals, 176, and Rollins v. State, 22 Texas Criminal Appeals, 548; but the instruments set out in said cases were in some respects more complete than this. In both instruments, as a part thereof, the words "charge to" were contained therein; but here there is no request in the instrument as set out to charge the goods to anyone, but merely to let Craford have the certain goods mentioned. For aught that appears, it may have been an accommodation request; that is, it does not on its face import an obligation. It is not an order to charge the goods to anyone. Nor are we informed who "Williams and Brother" were. Extrinsic explanatory everments should have been used in this indictment in connection with this instrument; and, besides, innuendo averments should have been used, showing what was meant by the misspelled and ambiguous words used in the instrument. For the errors discussed the judgment is reversed, and the prosecution ordered dismissed.

*Reversed and dismissed.*

DAVIDSON, Presiding Judge, absent.