### DAVE POLK v. THE STATE.

No. 1764. Decided June 7, 1899.

:Forgery by Alteration—Indictment—Explanatory and Innuendo Allega-
tions.

Where the altered instrument declared on read, "May 8, 1897. Mr. L. please let D. P. have 1 pr. shoes, and charge same to me, and oblige I. L. M. to bits of shaggars ·one poud of dacco, one dress patton;" Held, the indictment was insufficient which ·did not state who Mr. L. was, and which did not by innuendo averments explain the ·expression used in the latter portion of the order.

APPEAL from the District Court of San Augustine. Tried below be-.fore Hon. TOM C. DAVIS.

Appeal from a conviction of forgery by alteration; penalty, two years imprisonment in the penitentiary.

No statement necessary.

No briefs on file for appellant.

*Robt. A. John,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of forgery for altering a genuine instrument, and his punishment assessed at two years confinement in the penitentiary. The genuine instrument is as follows: "May 8, 1897. Mr. Lynch please let Dave Polk have 1 pr shoes and charge the same to me and oblige. I. L. Matthews." This was altered by Dave Polk by the addition of the following: "To bits of shaggars one pond of ducco one dress patton,"—so as to make the instrument read, when altered, as follows: "May 8, 1897. Mr. Lynch please let Dave Polk have 1 pr shoes and charge the same to me and oblige. I. L. Matthews. to bits of shagger one pound of dacco one dress patton." Motion in arrest of judgment was made because the indictment does not show on its face that an offense against the law has been committed by defendant. We are of opinion that this motion should have been sustained. There are no explanatory or innuendo averments in the indictment. Who the "Mr. Lynch" was is not stated; nor what the terms, "to bits of shaggars," "one pond of ducco," and "one dress patton," mean. These matters should have been explained by proper averments. We observe that when the completed instrument, after being altered, is set out, we find the expressions, "to bits of shaggars one pound of ducco one dress patton," alleged to be added. So there is a difference between the addition as alleged to have been made to the instrument and that set out in the instrument itself after having been altered. The expression "shaggars," set out in one part of the indictment, is written "shagger" in another part; the word "pond" is written in the second place "pound;" and "ducco" in one place is made to read "dacco" in another. But, if these variances are of small import, still there are no innuendo averments explaining what was meant by the additions to the original order. For want of proper explanatory and innuendo averments, we believe the indictment does not set out a case of forgery. The judgment is reversed, and the prosecution ordered dismissed.

*Reversed and dismissed.*