## MARSHALL LYNCH v. THE STATE.

### No. 2041. Decided November 1, 1899.

**1. Forgery by Alteration—Indictment—Explanatory Averments.**

Where the indictment was for altering the weights of three bales of cotton, in a receipt executed for the "Mineral Wells Cotton Yard—C. H. B., Manager," and signed, "C. H. B., weigher;" Held, it was insufficient in not setting forth by explanatory averments showing whether the Mineral Wells Cotton Yard was a joint stock company, a copartnership, or a corporation, and C. H. B.'s connection therewith, and how his signature as "weigher" created an obligation against the cotton yard.

**2. Same.**

Where the receipt, as above stated, showed on its face that it was executed for the account of "C. & B.," the indictment should have shown who C. & B. were, and how they became connected with said obligation against the cotton yard.

**3. Same—Innuendo.**

An indictment for forgery, by alteration of a receipt in which certain figures are used, should explain the figures by innuendo averments.

APPEAL from the District Court of Palo Pinto. Tried below before Hon. J. S. STRAUGHAN.

Appeal from a conviction for forgery by alteration of a written instrument; penalty, two years imprisonment in the penitentiary.

A motion to quash the indictment for want of explanatory and in-

41st Crim. Rep.—14

nuendo averments was overruled in the lower court, as was also defendant's motion in arrest of judgment which was based upon the insufficiency of the indictment. The charging part of the indictment is set out in the opinion below.

*William Veale & Son* and *W. H. Penix*, for appellant.

*Rob't A. John*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of forgery, and his punishment assessed at two years confinement in the penitentiary, and he appeals.

Appellant made a motion to quash the indictment on the ground that it did not sufficiently charge an offense, in that there were no explanatory or innuendo averments to show that the instrument on which the forgery was declared imported an obligation. In order to present this question, we quote so much of the indictment as is necessary:

That Marshall Lynch, "without lawful authority, and with intent to defraud, did willfully and fraudulently alter an instrument in writing, then and there already in existence, and which had theretofore been made by W. T. Sims, said Sims being, when he made such instrument, the agent and servant of C. H. Bowen, and acting for said Bowen in the making thereof, and which said instrument, at the time it was so made, and before it was altered as aforesaid by the said Marshall Lynch, was to the tenor following:

" 'Mineral Wells Cotton Yard. C. H. Bowen, Manager. Mineral Wells, Tex., 11—19—1898. Received of Mr. Lynch, for the account of Crawford & Byrne, 3 bales cotton. Not responsible for loss by fire unless instructed to insure.

| No. | Weight. | Price. | Marks. |
|-----|---------|--------|--------|
| 213 | 465 | | |
| 14 | 480 | | |
| 15 | 505 | $4\frac{1}{2}$ | |

" 'C. H. BOWEN, Weigher.'

"And the said Marshall Lynch did then and there alter the said instrument in the manner following, to wit: Erase and obliterate the figure 4 in the figures 465 under the word 'Weight,' and make in lieu thereof the figure 5; and erase and obliterate the figure 4 in the figures 480, under the word 'Weight,' and make in lieu thereof the figure 5. And the said instrument after the said alteration by the said Marshall Lynch, thereby became, and then and there was, of the tenor following:

" 'Mineral Wells Cotton Yard. C. H. Bowen, Manager. Mineral Wells, Tex., 11—19—1898. Received of Mr. Lynch, for the account of Crawford & Byrne, 3 bales cotton. Not responsible for loss by fire unless instructed to insure.

| No.. | Weight. | Price. | Marks. |
|------|---------|--------|--------|
| 213  | 565     |        |        |
| 14   | 580     |        |        |
| 15   | 505     | $4\frac{1}{2}$ |  |

" 'C. H. BOWEN, Weigher.' "

Unquestionably, the instrument set out is the subject of forgery, but, in our opinion, there should have been apt explanatory averments showing how said instrument became an obligation affecting money or property. It should have been alleged, if it was intended as the obligation of the Mineral Wells Cotton Yard, what that cotton yard was,—whether it was a joint-stock company, a copartnership, or a corporation; what its business was; and it should have been shown what connection C. H. Bowen had with it, and how his signature as weigher bound said Mineral Wells Cotton Yard so as to create an obligation. We think, also, it should have been shown who Crawford & Byrne were, and the facts indicating how they became so connected with said receipt as an obligation against said cotton yard. We note that in the heading of said receipt C. H. Bowen appears as manager, but in the signature thereto he appears as weigher. We think it should have been shown how his signature as weigher created an obligation against the Mineral Wells Cotton Yard. Again, it is questioned whether the purport clause is properly averred. The name of W. T. Sims is introduced in the indictment as having made the instrument in the name of C. H. Bowen. It would have been a sufficient pleading, in setting out the purport clause in the indictment, to have alleged "that appellant forged," etc., "the instrument hereinafter set out, which purported to be the act of C. H. Bowen, weigher." Furthermore, we think the meaning of the figures in the bottom of said receipt should have been explained by innuendo averments. See King v. State, 27 Texas Crim. App., 567; Womble v. State, 39 Texas Crim. Rep., 24; Cagle v. State, 39 Texas Crim. Rep., 109; Beasley v. State, 39 Texas Crim. Rep., 688; Colter v. State, 40 Texas Crim. Rep., 165; Crawford v. State, 40 Texas Crim. Rep., 344. The court erred in refusing to sustain the motion in arrest of judgment herein. The judgment is accordingly reversed, and the prosecution ordered dismissed.

*Reversed and dismissed.*