### JACK BELDEN v. THE STATE.

No. 3684. Decided January 23, 1907.

**Forgery—Indictment—Explanatory Averments.**

Where upon trial for forgery the alleged forged instrument did not show upon its face whether it created, increased, discharged or defeated any pecuniary obligation, etc., the indictment should have alleged by proper explanatory averments matters of extrinsic proof which constituted such instrument a legal and pecuniary obligation.

Appeal from the District Court of Grayson. Tried below before the Hon. E. L. Jones.

Appeal from a conviction of forgery; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was convicted of forgery, and his punishment assessed at four years confinement in the penitentiary; hence this appeal.

There is no statement of facts in the record. Appellant made a motion to quash the indictment, which is in the following form, so far as the charging part is concerned: "That one Jack Belden without lawful authority and with intent to injure and defraud did wilfully and fraudulently make a false instrument in writing, which said false instrument is to the tenor following:

Sherman, Texas, 1-26-1906.

M. & P. National Bank,
          City.

Dear Sirs:

On pay day of each month please pay to W. H. Lucas the amount of my account as presented, or if at any time before pay day I draw my check, please pay my account to date.

                              Very respectfully,
                                        Burl Smith.' "

Appellant's motion to quash contains, among others, the following grounds:

(1) In that it does not show that the instrument declared upon would have if true, created, increased, discharged, or defeated any pecuniary obligation, or would have transferred or in any manner have affected any property whatever.

(2) The indictment herein does not contain innuendo averments to explain its meaning, nor explanatory averments to show that said instrument was or could be a legal obligation, which, if true, would have affected in anywise any money or property.

(3) Because it is distinctly alleged that said instrument is a forged instrument, and it fails to show how and in what manner W. H. Lucas, to whom it is alleged said instrument was passed, could have been defrauded or how any one else could have been defrauded.

(4) Because said instrument is based on a condition, the fulfillment of which, depends on the act of some one else and future contingencies.

(5) The indictment fails to show that Burl Smith had an account with the M. & P. Bank, or had a check on the said bank or ever would have one.

In Cagle v. State, 39 Texas Crim. Rep., 109, the indictment was based on an alleged forgery of release or agreement to release the landlord's lien held by one Swink in favor of Fred Fleming on the first six bales of cotton of the crop of Len Cagle to be grown on fifty acres of a farm of Swink. It was said that this was not that character of commercial instrument which imported an obligation on its face, and while it might be the subject of forgery, the relation of the parties as landlord and tenant, etc., should have been set out by explanatory averments. In Black v. State, 42 Texas Crim. Rep., 585, the indictment was predicated on the alteration of a receipt, as follows: "Received from Lon Black twenty-five dollars, payment on S. P. Tiner note, Oct. 21st, 1898. (Signed) Winston & Higginson." The alleged alteration consisted in changing "twenty-five dollars" to "fifty," so as to make the receipt for fifty dollars. The indictment contained no explanatory averments. It was held in that case that it should have been alleged that Lon Black was indebted to Tiner on a note for more than $25, and that Winston & Higginson owned the Tiner note, or were Tiner's agents for the collection of said note, and Black paid them $25 on said note, and received their receipt for the same, and afterwards raised the $25 to $50, in order to use the same as an offset against said note. These it was held were matters of proof and should have been alleged. The doctrine announced in that case was to the effect that where an instrument does not clearly import a pecuniary obligation, but requires extrinsic proof in order to show it to be a legal obligation, the extrinsic averment must be made. The receipt was of itself not an obligation; the effect of it was to discharge a legal obligation, and that fact should have been stated. The present case is very much like the last cited case; that is, the instrument of itself was no obligation, but it was an instruction or order by Burl Smith to the M. & P. National Bank to pay to W. H. Lucas his account, etc. Now, it occurs to us that the relation of the parties should have been shown by explanatory averments, as that Burl Smith had a running account with the M. & P. National Bank and the bank was instructed to pay his account to Lucas, etc. We hold that these extrinsic matters should have been set out in the indictment; without such averments the indictment was not good. The judgment is accordingly reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*