### J. J. JONES v. THE STATE.

No. 690. Decided June 22, 1910.

Rehearing Denied October 12, 1910.

**1.—Forgery—Valid Obligation—Indictment.**

In a prosecution for forgery the alleged writing need not be such as if genuine would be legally valid; if the same is valid on its face it is the subject of forgery, although collateral or extrinsic facts may exist which would render it absolutely void if genuine.

2.—Same—Case Stated—Guardian's Bond—Motion in Arrest.

Where, upon trial of forgery of a guardian's bond, the same appeared to be valid on its face as alleged in the indictment, there was no error in overruling the motion in arrest of judgment which attacked the indictment because some of the terms of the statute with reference to citation, notice, etc., were not complied with. Following King v. State, 42 Texas Crim. Rep., 108. Overruling Caffey v. State, 36 Texas Crim. Rep., 198.

Appeal from the District Court of Jefferson. Tried below before the Honorable W. H. Pope.

Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*B. E. Moore,* for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—The indictment contains several counts charging appellant with forgery of a bond in a guardianship.

Appellant's contentions may be summed up in one proposition, that is, take the whole case the indictment does not show a violation of the law. The facts seem to be incontestable that the bond was a forgery, so far as the names of the bondsmen are concerned. The record further discloses that there was a minor by the name of Harvey Sanders who was over the age of 14 years. That appellant filed an application to the probate court asking for letters of guardianship of the person and the estate or either; that the estate was of the value of $450 in money. This application was filed on the 30th of September, 1909. The minor filed waiver of citation and acceptance of service and selected appellant as his guardian of both person and the estate, and asked the county judge to grant letters of guardianship. It seems that on the same day, September 30th, the appointment was made, and the bond fixed in the sum of $900. On the 5th day of November this bond was presented to and approved by the county judge, and appellant took the oath as guardian of the person and estate of the minor. With reference to these facts there seems to be no issue or contention.

Appellant's proposition is that the bond is not such an instrument as can form the basis of forgery in that some of the terms of the statute with reference to citation, notice, etc., are not compiled with. The law provides for the acceptance of service without the issuance of citation by the minor when he is above 14 years of age. The record does not definitely show whether citation was issued in regard to the notice of application or not, but concede there was no notice given of the application at all, and that the bond was not filed for nearly forty days after the waiver of citation by the minor and the appointment of Jones as guardian, then we are of opinion that appellant's proposition is not correct. The writing need not be such as if genuine

would be legally valid.  An instrument valid on its face is equally the subject of forgery, although collateral or extrinsic facts may exist which would render it absolutely void if genuine.  People v. Rathbum, 21 Wend. N. Y., 509; People v. Galloway, 17 Wend N. Y., 540; Russell on Crimes, 317 to 328; State v. Johnson, 26 Iowa, 407; State v. Hilton, 35 Kan., 338; State v. Pierce, 8 Iowa, 231.  Also an instrument falsely made with intent and purpose to defraud is a forgery, although had it been genuine other steps must have been taken before the instrument would have been perfected, and these steps were not taken. Com. v. Costello, 120 Mass., 358; People v. Bibby, 91 Cal., 470; Costley v. State, 14 Texas Crim. App., 156; King v. State, 42 Texas Crim Rep., 108.  Under this view of the law we are of opinion that the instrument here declared upon could be and is the subject of forgery.  A different view was taken of this question in Caffey v. State, 36 Texas Crim. Rep., 198, by a majority of the court.  The Caffey case overruled some previous decisions by this court, but the Caffey case was overruled in King v. State, 42 Texas Crim. Rep., 108. For a review of the questions involved see those cases.  We are of opinion, therefore, that the instrument declared upon is the subject of forgery under the circumstances stated.

There are some bills of exception reserved to the introduction of testimony, the grounds of objection being all based upon the theory that the instrument declared upon was illegal and void.  It is useless to discuss those bills of exception in view of the decision of the main question.

Finding no reversible error in the record, the judgment is affirmed.

*Affirmed.*

McCord, Judge, absent.

[Rehearing denied October 12, 1910.  Reporter.]