## G. C. JASPER v. THE STATE.

No. 3038. Decided March 4, 1914.

**Soliciting Insurance—Information—Substance.**

Where, upon trial of a violation of article 689, Penal Code, the informa-tion failed to allege that defendant as solicitor was to receive compensation, either directly or indirectly, the cause must be reversed and remanded, although there was no motion to quash, the defect being one of substance.

Appeal from the County Court of Nolan. Tried below before the Hon. Jno. H. Cochran.

Appeal from a conviction of soliciting insurance, etc.; penalty, a fine of $100.

The opinion states the case.

*Wilson & Wilson,* for appellant.—On question of insufficiency of information: Marshall v. State, 56 Texas Crim. Rep., 205, 119 S. W. Rep., 310; Singh v. State, 66 Texas Crim. Rep., 156, 146 S. W. Rep., 891; Milling v. State, 67 Texas Crim. Rep., 551, 150 S. W. Rep., 434; Huntsman v. State, 12 Texas Crim. App., 619.

*C. E. Lane,* Assistant Attorney-General, and *R. N. Grisham,* for the State.

HARPER, JUDGE.—This prosecution was brought under article 689 of the Code, which provides that if "any person who, for *direct or indirect compensation,* solicits insurance," etc., he shall be adjudged guilty of a misdemeanor, and his punishment assessed in any sum not less than $100.

The information alleges all the elements of the offense, except to allege that solicitor was to receive compensation, either directly or indirectly. It was essential that this fact be proven, otherwise a conviction could not be sustained, and while there was no motion made to quash the information before trial, yet it is a defect of substance and not of form, and may be raised at any time, for without this allegation being in the information it charges no offense against the laws of this State.

There are a number of other questions raised, and we have considered each of them. None of them present error, and the evidence would amply support a conviction for a violation of this provision of the Code, but because the information does not charge an offense under this provision of the law, we must necessarily quash the information and complaint and reverse and dismiss the case.

The judgment is reversed and the appeal is dismissed.

*Dismissed.*