### W. E. JONES v. THE STATE.

No. 6522. Decided October 18, 1922.

**1.—Embezzlement—Partnership—Indictment.**

Where the indictment, upon trial of embezzlement, alleged the party injured to be a partnership and failed to set out the names of the persons composing said partnership, same was bad on motion to quash. Following Roby v. State, 51 S. W. Rep., 1150, and other cases.

**2.—Same—Rule Stated—Ownership—Partnership—Consent.**

In cases of embezzlement when the ownership is laid in a partnership without naming the partners, no basis is furnished in the allegation for proof of consent or want of consent of the individual in whom the ownership is vested.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. Robt. B. Seay.

Appeal from a conviction of embezzlement; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*George Clifton Edwards*, for appellant.—Cited cases in opinion.

*R. G. Storey*, Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Conviction is for embezzlement; punishment assessed at confinement in the penitentiary for a period of two years.

There were three counts; one charging that the appellant was Secretary-Treasurer of an incorporated company, namely: "Texas

State Conference of Brotherhood of Painters, Decorators and Paper Hangers of America;'' another that the company named was an ''incorporated institution;'' the third count charging it to be a partnership, and that appellant was its clerk. It is upon the third count that the conviction rests; the other two counts were withdrawn from the jury.

If we comprehend the evidence, the State Conference of Brotherhood of Painters, Decorators and Paper Hangers of America is an institution composed of individuals, each of whom was delegated by the labor organization of which he is a member to become a member of the State Conference. That is to say, each local organization of the Brotherhood of Painters, Decorators and Paper Hangers of America operating in the State of Texas selected one of its members as its representative in the organization known as the State Conference of Brotherhood of Painters, Decorators and Paper Hangers of America. We are not informed touching the nature of the several State organizations appointing these delegates further than that they were in the nature of trade unions, but the legal status, whether incorporated or not, is not revealed. The State Conference mentioned was financed by the payment of money by members of the association whose delegates composed the State Conference, each organization paying an admission fee of five dollars, together with five cents per head per year for each member of the local organization in good standing. The State Conference was organized in 1919, and as we gather from the statement of facts, operated under a written agreement in the nature of a preamble and certain articles and by-laws. The articles and a part of the preamble are quoted as follows:

''Therefore, in order to successfully cope with the problems confronting us as the result of concentrated power of those who are antagonistic to the labor movement it is imperative that we must combine, so as to be able to fight those who fight us, to co-operate with each other, to improve conditions and to have laws enacted which may be of special interest to our trade.''

The Charter reads thus:

## ARTICLE I.

''Section 1. This organization shall be known as the Texas State Conference of the Brotherhood of Painters, Decorators, and Paperhangers of America, and shall be composed of local unions in Texas affiliated with this Conference.

## OBJECTS.

## ARTICLE II.

Section 1. The objects of this Conference shall be to bring the various locals in closer touch with each other; to thoroughly and ·

systematically organize the State; to establish and maintain equal
hours and wages; to maintain membership on the joint Labor Legis-
lative Board to place a representative at Austin during each session of
the State Legislature; to promote such legislation as will be beneficial
to working people, and prevent, if possible, such legislation as will
be determental to the cause of labor; to regulate the apprentice
problem; to furnish information in regard to unfair firms and corpora-
tions; and to use every honorable effort to create more demand for the
label of the Brotherhood, as well as the label of all other Brother-
hoods.''

We deem it unnecessary to determine whether the institution was
a partnership. It was treated as a partnership in the indictment. The
court called upon the jury to decide whether it was a partnership.
The preamble and agreement being in writing, the classification of
the organization apparently was not a question of fact but one of
law.   The true nature of the organization is not important under
the view we take of the case.   The sufficiency of the indictment was
challenged upon motion to quash, upon the ground that the law re-
quires the names of the partners to be stated in the indictment.   This
point is presented throughout the record from various angles.   In our
opinion, it is well taken.   Supporting this view, we refer to the case
of Roby v. State, 51 S. W. Rep., 1115; Patterson v. State, 59 S. W.
Rep., 104; Clark v. State, 122 S. W. Rep., 665; Colter v. State, 49
S. W. Rep., 379; Crawford v. State, 50 S. W. Rep., 378; Bishop's
New Crim. Law, Sections 315, 319, and 723; Green v. State, 82
Texas Crim. Rep., 421.

The nature of the crime of embezzlement is like that of theft.   In
embezzlement the possession of the property is with the owner's con-
sent, but the appropriation is without his consent.   When the owner-
ship is laid in a partnership without naming the partners, no basis
is furnished in the allegation for proof of consent or want of consent
of the individual in whom the ownership is vested.

Because of the vice in the indictment, the judgment of conviction is
reversed and the prosecution ordered dismissed.

*Dismissed.*