## Mrs. E. S. Roberts v. The State.

No. 20621. Delivered November 29, 1939.

The opinion states the case.

*Wiley B. Thomas,* of Groveton, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of the offense of forgery, and by the jury given a penalty of two years confinement in the State Penitentiary.

The indictment upon which this conviction was had contained two counts, one for the making of a false instrument, and one for passing the same as true. The jury found appellant guilty on the first count, for the making of such instrument.

The instrument that was charged to have been forged is set forth in each count of the indictment, as follows:

"$612.00                                    Dec. 30th, 1937.
I promise to pay to the order of Groveton Motor Company, hereinafter designated as Payee, Six Hundred Twelve and no/100 DOLLARS with interest from............at the rate of............ per cent per annum until paid, negotiable and payable at the office of said payee. Payable in............installments, due after date as scheduled on the reverse side of this note.

This note is given for............as described below:

18 notes at 34.00

THE TITLE to which remains in said payee until this note and all further obligations are paid in full. The conditions of the sale and purchase of the property herein stated is that the titled ownership or possession does not pass out of the said payee, though delivered to the maker of the note, until this note, and all costs of collection, is paid in full, including attorney's fees, if collected at law. If any note given for the above described property remains unpaid for ten (10) days after maturity, then all notes given for said property shall become due and payable at once, and may be sued on without previous notice. I hereby waive all requirements of any statutory acts in conflict with this agreement. If I fail to pay promptly when due, it is agreed that I pay a collector for collecting this note. The drawers and endorsers severally waive presentment for payment, protest, and notice of protest, and non-payment of this note, and agree to pay all reasonable attorney's or collector's fees for collecting same, where collected by suit at law, or otherwise.

Indict-
ment

In default of payment of this note, or any part of it, said payee may take possession of said property in any manner they may elect, and dispose of same, without recourse to law, in which event all sums which have been paid on same shall be taken as hire for use of property.

Witness E. S. Roberts          Signature Ben Barton (Purchaser)

Witness_____          _____(Seller)

And which aforesaid instrument of writing on the back thereof was of the tenor following:

No._____

CONDITIONAL SALE CONTRACT

From

To

The Within Original Conditional Sale Contract was (filed this_____day of_____, 19_____
Recorded at_____o'clock_____m. by me, Clerk_____
                                                    (Or other title)

of  _____

State of_____

(Signature of Official and Title)

SCHEDULE OF PAYMENTS

Months after date

Due_____PAID

AMT

| Mo. | Day | Yr. | | Mo. | Day | Yr. |
|---|---|---|---|---|---|---|
| 1 | | | | | | |
| 2 | | | | | | |
| 3 | | | | | | |
| 4 | | | | | | |
| 5 | | | | | | |
| 6 | | | | | | |
| 7 | | | | | | |
| 8 | | | | | | |
| 9 | | | | | | |
| 10 | | | | | | |
| 11 | | | | | | |
| 12 | | | | | | |

ENDORSEMENTS

Groveton Motor Company

E. S. Roberts, Pres.

FORM 71 Norwick Bros. Printers, Okla. City."

We confess that we have given much thought to the contents of this instrument, and to the proposition of its vagueness and indefiniteness. We think the better pleading would have been for the pleader, by the use of innuendo averments, to explain the patent ambiguities thereon. It appears to be three kinds of a written instrument: (1) A promissory note, payable either on demand, or on 18 different dates, whether weekly, monthly or yearly does not appear; (2) it may be a conditional sale contract, or (3) it may be a chattel mortgage. We are also at a loss to know what is meant by the phrase "18 notes at 34.00." We can infer that such means that the amount of $612 is made up of such 18 installment notes of $34 each, but such is not stated in the indictment; in fact there are no innuendoes of any kind alleged therein, and inferences are not allowable in an attempt to assist the pleader in setting forth in an indictment in plain and intelligible language the violation of the law that is the basis of the complaint. See McBride v. State, 88 S. W. Rep. 237, 48 Texas Crim. Rep. 213; also Branch's Penal Code, p. 851, in which it is said:

"If the instrument in writing alleged to be forged contains unintelligible words or abbreviations, or misspelled or ambiguous words or figures, the indictment should explain what was intended thereby," citing Colter v. State, 40 Texas Crim. Rep. 165, 49 S. W. Rep. 379; Crawford v. State, 40 Texas Crim. Rep. 345, 50 S. W. Rep. 378; Polk v. State, 40 Texas Crim. Rep. 668, 51 S. W. Rep. 909; Lynch v. State, 41 Texas Crim. Rep. 211, 53 S. W. Rep. 693; Lamb v. State, 148 S. W. Rep. 1088.

In 19 Tex. Jur., p. 852, we find the following:
"Irrespective of the character of the instrument involved, the indictment must explain every ambiguous or meaningless expression contained therein," citing authorities.

We hold that this indictment is fatally defective on account of the lack of good pleading therein, and in the event of another trial hereof we think good pleading demands an indictment utilizing the services of innuendoes to explain the ambiguities in the instrument alleged to have been forged.

The conviction herein being for the making of an alleged forged instrument, we note that appellant had made and properly filed herein a statement under oath, denying her execution of such alleged forged instrument. It is also to be noted that no person testified to having seen appellant make such instrument, nor is there any direct testimony relative thereto. It is also noted that the only testimony outside of the comparison of handwriting was the fact that testimony was introduced relative to

appellant having passed such instrument to Mr. Cauthen, an officer of the bank. We are doubtful whether this is sufficient to overcome the presence of appellant's denial under oath as is provided by Art. 731, C. C. P.

In the first count of this indictment appellant was charged with the making of this instrument, and on that count she was convicted. The court failed to embody in his charge to the jury any charge on circumstantial evidence, and we find that all the testimony relative to the making of this alleged false instrument is circumstantial in its nature. The court should have embodied in his charge one on the law of circumstantial evidence. See Williams v. State, 218 S. W. Rep. 750.

The judgment is reversed and the prosecution ordered dismissed.