L. L. HONEYCUTT V. THE STATE.

No. 23508. Delivered January 15, 1947.
Rehearing Denied February 19, 1947.

*Smith & Porter* and *Cecil Storey*, all of Longview, for appellant.

*Ernest.S. Goens*, State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a conviction for forgery with a sentence of two years in the penitentiary.

The appellant was charged by indictment with the forgery of the name of A. B. Mayfield, by endorsing his name on an instrument in writing fully set out and being as follows:

No. 796          THE STATE OF TEXAS          $118.34
     TO THE TREASURER OF GREGG COUNTY
Pay to A. B. Mayfield or order the sum of
          Gregg County, Texas
               $118&34 Cts.          DOLLARS
_____
Out of the ROAD & BRIDGE FUND Being the amount allowed
                    by the Commissioner's Court of said
County at its *Jan* Term, 1945. (Minute   (
For Payroll Precinct No. 2    ) Account ( Book H    Page 333
_____
Approved          WITNESS my hand and seal of said Court
                  at Longview, Texas, this 4 day of Apr.,
---------------------------- 1945
County Auditor     By   *B. McClelland*     DUSH SHAW
                        Deputy              County Clerk
*Jane Lockett*                              (Seal)

----------------------------
Assistant Auditor
No._____ ROAD & BRIDGE FUND
Registered_____This day of_____1945.
*Mrs. J. W. Killingsworth*

----------------------------------------------------
County Treasurer

The statement of facts discloses that the above warrant was issued as a part of the payroll on the Road & Bridge Fund in Precinct No. 2, and that A. B. Mayfield was not at the time employed by the Precinct, but that appellant caused the warrant to be issued by the Commissioners' Court and, after procuring the same, endorsed the name of A. B. Mayfield thereon. It will be observed from the foregoing warrant that the issuance was regular on its face. It was approved by the County Auditor acting through his assistant. It was registered by the County Treasurer, but the registration did not fully comply with the requirements of the law in that it did not assign a number and did not give the day and month of the year of 1945 when it was so registered.

As we interpret the brief and argument in the case, contention is made that the warrant is not the subject of forgery because of the failure of the Treasurer to give the number, and place the date of the registration thereon. The situation thus brought about is ably discussed from every conceivable standpoint, but we have come to the conclusion that under our Penal Code the only question necessary to determine the attack on the indictment is whether or not the instrument on its face is a valid instrument, or whether or not it is one which is voidable and would require inuendo averments in the indictment to make it the subject of forgery. If the warrant is valid on its face, and should require no further act for the enforcement of its payment than the performance of a ministerial duty by the County Treasurer, it would appear to be sufficient. If there is yet to be performed some discretionary act further consideration must need be given it.

The question presented to us is whether or not the forging of the name of A. B. Mayfield on the back of the instrument described in the indictment transferred, or in any manner affected any property. Had the instrument been issued, approved by the County Auditor and registered in the manner indicated, to A. B. Mayfield for services rendered on a valid contract to render such service, there can be no question but what he could have collected the amount of One Hundred and Eighteen Dollars and Thirty-Four cents. The article of the statute invoked requiring the registration of instruments is mandatory on the County Treasurer, but the purpose of that registration is not to give validity to the warrant but for the sole purpose of determining the order of payment. Had Mayfield presented the warrant for payment and the Treasurer had refused to accept it, his right to force the Treasurer to designate the order of

payment is perfectly clear. The length of time or the effort required to collect the warrant does not determine whether or not it is a valid instrument. It is "property" as described in the statute. The registration determines the order of payment of the warrant and may be utilized to calculate the present discount value of the instrument.

Admittedly the determination of this case must be based upon decisions of the courts which have developed from conflicting decisions during many years past. This conflict arose because of a difference of opinion as to the applicability of the common law definition of forgery and the definition in our statute, some judges making a distinction and others apparently not doing so. We think the question has been settled and that the rule laid down in King v. State, 57 S. W. 840; Jones v. State, 130 S. W. 1012; and Carter v. State, 116 S. W. (2d) 371, determines the question now before us in favor of the State's contention that the instrument set out in the indictment is the subject of forgery.

Judge Davidson, in the Jones case supra, concisely stated the rule as follows: "Also an instrument falsely made, with intent and purpose to defraud, is a forgery, although, had it been genuine, other steps must have been taken before the instrument would have been perfected, and these steps were not taken. Com. v. Costello, 120 Mass. 358; People v. Bibby, 91 Cal. 470, 27 Pac. 781; Costley v. State, 14 Tex. App. 156; King v. State, 42 Tex. Cr. R. 108, 57 S. W. 840, 96 Am. St. Rep. 792."

The difference in opinion on the subject long existing between Presiding Judge Davidson and Judge Henderson was thoroughly discussion in King v. State, supra, in which Judge Henderson wrote the dissenting opinion. The name of a married woman living with her husband was charged to have been forged. Judge Henderson took the position that, in as much as there could be no innocent purchaser as against a married woman not joined by her husband, and that the instrument being void as against her, it could not be the subject of forgery. Judge Davidson's opinion to the contrary, concurred in by Judge Brooks, need not be fully endorsed in this case because it does, without question, go a great deal further than we are called upon to go in sustaining the indictment in the instant case. At least we can say that, if the majority opinion is correct, there can be no question about the affirmance of this case.

The unusual assistance given to this court by appellant's

attorney, in oral argument and by written brief, is fully recognized, but it is our respectful conclusion that it is not necessary to discuss all of the questions raised, in as much as the one relating to the validity of the instrument supercedes all others and, of necessity, determines them against appellant.

The judgment of the trial court is affirmed.

## ON MOTION FOR REHEARING.

KRUEGER, Judge.

Appellant insists, in his motion for a rehearing, that in our original opinion we erred in holding that the voucher in question upon its face appeared to be a valid instrument which created pecuniary obligation on Gregg County. He bases his contentions on the following grounds: (a) because the County Treasurer failed to number it and failed to note thereon the day and month of registration. (b) because it is apparent from the face of it that the County Auditor did not himself approve it, but is merely approved by the Assistant Auditor.

While the registration of the voucher by the County Treasurer did not bear any registration number nor the day and month of registration, this did not vitiate the voucher or make it any the less an obligation of the county. The payee could have presented the same to the treasurer and requested that he place thereon a registration number and to insert the day and month of registration, and in the event the treasurer had declined to perform the requested ministerial act, then he might have been compelled by mandamus to do so. We are not unmindful of the fact that until the voucher was properly registered no suit could be maintained to enforce collection since a suit thereon would be premature. However, this would not invalidate the voucher nor prevent the payee from negotiating the same. Appellant cites us to the case of Rains, et al, v. Mercantile National Bank of Dallas, 191 S. W. (2d) 850, as supporting his contention. We do not so construe that opinion but believe that it sustains the opinion herein expressed.

Appellant's next contention is that the voucher is merely approved by the assistant auditor and, therefore, shows upon its face the vice therein. We are unable to agree with this contention. Article 1650, Revised Civil Statutes, provides that in the absence of the auditor or through unavoidable detention with respect to such duties as are required by law of the county

auditor, the assistant county auditor may legally perform the duties of the county auditor. It will be noted from the language of the article of the statute referred to that in certain exigencies, the assistant auditor has the same legal authority to approve vouchers as the regular appointed auditor. The fact that the assistant failed to sign the name of the auditor by Jane Lockett, assistant auditor, would not, in our opinion, make the voucher invalid. The fact remains, however, that she, as Assistant Auditor, approved the voucher which she was authorized under the law to do. See Anthony v. State, 90 Tex. Cr. R. 351 (235 S. W. 578).

Believing that the case was properly disposed of on original submission, the motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.