L. J. MASSINGILL V. STATE

No. 28,530. January 23, 1957.

*Irwin and Irwin and T. K. Irwin, Jr., George W. Irwin,* and *R. T. Scales,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *Harvey Lindsay* and *George P. Blackburn,* Assistants District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is passing a forged instrument; the punishment, two years.

The instrument alleged to have been forged and passed is set out according to its tenor and purports to be a certification by Jane B. Cox, Secretary of The Cox Fence Company, a corporation, (1) that she was the keeper of the records and minutes of the proceedings of the board of directors of said corporation; (2) that a meeting of said board of directors was held on March 1, 1953, at which the resolution set out in said instru-

ment was adopted, whereby among other things Mercantile National Bank of Dallas was designated as a depository for the funds of said corporation and W. T. Cox, appellant L. J. Massingill or Jane B. Cox were authorized to borrow money from said bank in the name of the corporation.

The instrument also contains the following: "I further certify that the following are the names and the true and official signatures of the present officers of this corporation and the persons authorized to sign for and on behalf of this corporation in the foregoing resolutions.

        "/s/ W. T. Cox, President
        "/s/ L. J. Massingill, Vice President
        "/s/ Jane B. Cox, Secretary

(Corporate Seal)

        _____Treasurer
        _____Assistant Secretary
        _____Assistant Treasurer

"IN WITNESS WHEREOF, I have hereunto set my hand as Secretary of said Corporation, and have attached hereto the official seal of said Corporation, this 11th day of March, 1954."

There is no signature to this certification and there is nothing in the indictment to show that the name "Jane B. Cox" where it appears elsewhere in the instrument was a signature and not merely a name printed or typed.

From the instrument offered by the state we learn that it is printed and typed, and that the only signatures which appear therein are those which the otherwise unsigned instrument purports to certify are the true signatures of W. T. Cox, Jane B. Cox and appellant.

A serious question arises as to whether the instrument set out is the subject of forgery under our forgery statutes and thus sufficient to support a prosecution for passing a forged instrument.

We express the view that an instrument in writing, purporting to evidence a corporate resolution authorizing one or more persons to borrow money and to withdraw funds of the corporation from a bank, is the subject of forgery under the rule that an instrument in writing falsely made may be a forgery

although, if genuine, other steps must have been taken before the instrument would have been perfected. Branch's Ann. P.C. 2d Ed., Sec. 1587, p. 727; 37 C.J.S., Sec. 18, p. 45; Morris v. State, 17 Texas Cr. App. 660; Jones v. State, 60 Texas Cr. Rep. 67, 130 S.W. 1012; Wheeler v. State, 62 Texas Cr. Rep. 370, 137 S.W. 124; Dreeben v. State, 71 Texas Cr. Rep. 341, 162 S.W. 501, 505; Honeycutt v. State, 150 Texas Cr. Rep. 140, 199 S.W. 2d 657.

The instrument set out in the indictment is not an ordinary commercial instrument and there are no explanatory averments regarding the instrument, the execution thereof or the absence of a signature to the certificate.

A different question would arise if the name "Jane B. Cox" where it first appears in the instrument was a forged signature, rather than merely a typewritten name. The fact that the name signed for the purpose of giving authenticity to the forged instrument appears at the beginning but not at the end of the instrument is not fatal. Crawford v. State, 31 Texas Cr. Rep. 51, 19 S.W. 766.

In the absence of explanatory averments as to how the written instrument could be the object of forgery and especially in the absence of innuendo or explanatory averments to show that the instrument was complete and showing how the name "Jane B. Cox" purported to give the certification authenticity, the indictment is insufficient. Pospishel v. State, 95 Texas Cr. Rep. 625, 255 S.W. 738; Belden v. State, 50 Texas Cr. Rep. 565, 99 S.W. 563; Cagle v. State, 39 Texas Cr. Rep. 109, 44 S.W. 1097; Wilson v. State, 75 S.W. 504; Carder v. State, 35 Texas Cr. Rep. 105, 31 S.W. 678; Lynch v. State, 41 Texas Cr. Rep. 209, 53 S.W. 693.

This holding makes it unnecessary that we pass upon the sufficiency of the evidence to sustain a conviction for the offense of passing as true a forged instrument in writing, a matter which itself poses a serious question.

Because the indictment is insufficient to support a prosecution for forgery of the instrument offered in evidence, the judgment is reversed and the cause remanded.