### W. B. CUPP V. THE STATE.

No. 10045.   Delivered May 19, 1926.

**1.—Violating State Banking Law—Indictment—Held, Insufficient.**

Where, on a trial for receiving and assenting to the reception of deposits in a private bank, knowing same to be insolvent, appellant moved to quash the indictment because same alleged that the *bank* was insolvent, instead of alleging that the appellant, W. B. Cupp, the owner of the bank, was insolvent. The court erroneously sustained the sufficiency of the indictment, and overruled the motion to quash.

**2.—Same—Continued.**

We do not believe that the allegation that appellant was the owner of the bank, and that the bank was insolvent meets the requirements of the statute. We think, unquestionably, that the indictment should have alleged that the bank, and also the appellant were insolvent at the time the deposit was received, and that the proof must conform to such allegation, and so believing, the judgment must be reversed and the prosecution

dismissed.    See Brown v. State, 68 Tex. Crim. Rep. 273; Brown v. State, 71 Tex. Crim. Rep. 353, and other cases cited.

Appeal from the Criminal District Court No. 2 of Dallas County, tried below before the Hon. C. A. Pippen, Judge.

Appeal from a conviction for receiving and assenting to the reception of deposits in a private bank, knowing same to be insolvent or in failing circumstances, penalty two years in the penitentiary.

The opinion states the case.

In support of his motion to quash the indictment appellant cites:  Roby v. State, 41 Tex. Crim. Rep. 152; Fleming v. State, 62 Tex. Crim. Rep. 653; Brown v. State, 68 Tex. Crim. Rep. 269; Brown v. State, 71 Texas Crim. Rep. 353.

*Frazier & Averitt* of Hillsboro, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the Criminal District Court No. 2 of Dallas County, Texas, for the offense of receiving and assenting to the reception of deposits in a private bank, knowing same to be insolvent or in failing circumstances, and his punishment assessed at two years in the penitentiary.

The indictment was based upon Art. 557, 1925 Penal Code (Art. 532 of the old code), which indictment, omitting its formal parts, is as follows:

" * * * that one W. B. Cupp, on the 6th day of May, in the year of our Lord One Thousand, Nine Hundred and Twenty-five * * * in the county and state aforesaid, was the owner and manager of the Farmers Bank, Duncanville, Texas, a private bank and banking institution, unincorporated, and whose owner and manager was W. B. Cupp, and doing business in said county and state and did then and there unlawfully receive and assent to the reception of a deposit of money, to-wit, the sum of $21.00 current money of the the United States of America of value of $21.00, into such the Farmers Bank, as aforesaid, the same being a private bank and banking institution, after he, the said W. B. Cupp, owner and manager, as aforesaid, of said the Farmers Bank, a private bank and banking institution as aforesaid, had knowledge of

the fact that said the Farmers Bank, was then and there insolvent and in failing circumstances," etc.

The appellant moved to quash the indictment because, among other reasons, it was not alleged in said indictment that the appellant, W. B. Cupp, alleged owner and manager, was insolvent at the time the alleged deposit was received, which motion was by the court overruled and an exception reserved thereto. It will be observed from the above that the appellant's contention was that the indictment was insufficient, in that it alleged that the *bank* was insolvent instead of alleging that the appellant, W. B. Cupp, the owner, was insolvent. In support of the appellant's contention we are cited to Robey v. State, 51 S. W. 114, 41 Tex. Crim. Rep. 152; Fleming v. State, 139 S. W. 598, 62 Tex. Crim. Rep. 653; Brown v. State, 151 S. W. 561, 68 Tex. Crim. Rep. 269; Brown v. State, 162 S. W. 339, 71 Tex. Crim. Rep. 353. In Brown v. State, supra, 68 Tex. Crim. Rep., opinion rendered by Presiding Judge Davidson, in discussing the sufficiency of an indictment relative to an unincorporated bank, it is stated at page 273:

"The indictment should have alleged that appellant was either the owner, agent, or manager, and in addition it should have alleged the owners of the bank; and further that these owners were insolvent or in failing circumstances at the time the money was received on deposit, and that the accused knew those facts. In a private bank all parties are partners and the bank could not be insolvent under the terms of this law unless the owners were insolvent. A different rule obtains in chartered institutions. * * * As was said in the Roby case, supra: 'If the individuals were solvent, the Tyler Banking Company was solvent; if they were insolvent, the Tyler Banking Company was insolvent," etc.

In the case of Brown v. State, 71 Tex. Crim. Rep. 353, the indictment alleged that the bank and the appellant were insolvent, and the court held that it was necessary, and a material issue in the case, for the state to show that the appellant and said bank were insolvent at the time of the reception of the deposits. We think, unquestionably, that the indictment is defective in failing to allege that the owner of the bank was insolvent, and that it was necessary for the state to allege his insolvency in this instance and to follow said allegation by proper proof to that effect.

After a careful examination of all the authorities bearing

on this issue, we have reached the conclusion that the court erred in not sustaining the motion to quash the indictment.

There are other questions raised in the record, but from the disposition we have made of this case, it is unnecessary for us to discuss them at this time.

For the error above mentioned, we are of the opinion that the judgment of the trial court should be reversed and this prosecution dismissed, and it is accordingly so ordered.

*Reversed and dismissed.*

The foregoing opinion of the Commission of Appeals, has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.