

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

September 17, 1975

The Honorable Jim Sharon Bearden          Opinion No. H- 693
Orange County Attorney
Orange County Courthouse                  Re:     Preservation of
Orange, Texas 77630                               records by county
                                                  treasurer.

Dear Mr. Bearden:

You have asked our opinion on the following questions:

    1. How many years must the county treasurer retain cancelled bonds and coupons before they may properly be destroyed?

    2. Must a commissioners court order be entered to authorize the destruction of such bonds and coupons; and if destruction may be properly ordered, should photo copies be made and retained?

    3. How many years should county warrants be retained and kept of record?

    4. How long should outstanding uncashed county warrants be kept on the treasurer's outstanding warrant list, and should outstanding warrants be voided at some point of time or should stop payment orders be entered as to such warrants?

There is a paucity of legislation dealing with the maintenance and retention of records by the county treasurer. Article 1941(a), V.T.C.S., pertains to the records of county clerks, county recorders and clerks of county courts and requires that official public records of such officers be retained in their original form for at least five years after microfilming. This article does not apply to the records kept by the county treasurer, and the enactment of this article by Acts 1971, 62nd Leg., ch. 866, p. 2716,

p. 3008

provided that earlier duplication of records statutes were repealed "to the extent of conflict only." A previous duplication and destruction statute, article 6574b, V.T.C.S., provided for the photographing and limited destruction of original records of all county "public records." Since the county treasurer is not included within article 1941(a), article 6574a would control the microfilming of the public records of the treasurer and the possible destruction of the original records. Attorney General Opinion H-523 (1975). See Attorney General Opinion M-1240 (1972), which applies article 6574(a) to the county tax collector and holds that "motor vehicle receipt records are public records and must be preserved for five years" and that the other provisions of the statute must be complied with, including the authorization of the commissioners court for the duplication and destruction of the original records.

However, we are of the opinion that cancelled bonds and bond coupons and cancelled warrants do not come within the purview of article 6574a which would require that they perpetually be preserved either in original or photographic form. Both bonds and county warrants are evidences of indebtedness and their existence, face values and tenor are recorded by the treasurer (articles 1626, 1627 and 1709a, V.T.C.S.). Where a warrant is issued to pay a claim, it must be charged to the fund upon which it is drawn and entered in a warrant register (articles 1709a and 1662, V.T.C.S.); Honeycutt v. State, 199 S.W.2d 657 (Tex. Crim. App. 1947). Likewise, bonds must be registered with the county treasurer (article 724, V.T.C.S.) and he must keep a record of the receipts from the sale of bonds and the payments of interest and principal (article 752o, V.T.C.S.) Moreover, the county depository maintains records on bond issues and other county moneys (article 778n, 778o and 2554, V.T.C.S.), and the county auditor continually checks the operations of the county treasurer and makes his own reports on expenditures and receipts (articles 1653-1656, 1660-1665, 1709a, V.T.C.S.). Thus, in the case of both warrants and bonds, there are ample records available to show the presentment of claims and bonds for payment and the payments of claims and bond obligations, obviating the necessity of keeping cancelled bonds and warrants for all time. Indeed, the legislature has expressly countenanced the destruction of bonds where authorized but unsold bonds are revoked and cancelled pursuant to article 717g, V.T.C.S. And express authorization to destroy cancelled checks and vouchers in the control of the auditor is given by article 1651, V.T.C.S.

The Honorable Jim Sharon Bearden, page 3   (H-693)

We therefore are of the opinion that cancelled bonds, bond coupons and county warrants need not be retained by the treasurer indefinitely. Such documents may be destroyed without photocopying after their retention for a reasonable time without a commissioners court order.

However, article 1651 bestows upon the auditor "the general oversight of all books and records of all the officers of the county" and the treasurer should cooperate with the auditor by retaining cancelled bonds and warrants for a period of time which will permit proper auditing procedures to be accomplished. Additionally, cooperation with the commissioners court is desirable inasmuch as the court has the obligation to "audit and settle all accounts against the county and direct their payment." Subparagraph 10 of article 2351, V. T. C. S. The approval of the destruction of records would avoid any possible violation of section 37.10(3), Penal Code, prohibiting the destruction of a "governmental record." Moreover, in the case of bonds and bond coupons, good administrative practice would suggest the retention of the bonds and cancelled coupons of a particular issue until all the coupons and bonds of that issue have been paid and the entire series has been retired and cancelled.

In the case of outstanding warrants which have not been presented for payment, there is no statutorily required period of time before a treasurer can void these outstanding obligations although, once again, good administrative procedure would seem to require the setting of time limits by a joint decision of the treasurer and the auditor even though the auditor's agreement is not legislatively required. Attorney General Opinion WW-154 (1957). If and when outstanding warrants are voided on the books of the treasurer, a stop payment request should be made to the county depository to avoid possible payment of these voided obligations.

## SUMMARY

Subject to sound administrative practice as indicated herein, cancelled bonds, bond coupons and county warrants may be destroyed by the county treasurer without the necessity of duplicating such instruments. There is no statutorily required retention time so long as they are retained long enough to permit the county auditor to complete his auditing duties and no order of the commis-

sioners court is required before their destruction can be accomplished. However, good administrative practice suggests that the treasurer consult and confer with the auditor and the commissioners court before destroying cancelled instruments and that, in the case of bonds, destruction of a particular issue should be postponed until the entire series has matured, been paid and cancelled.

Outstanding warrants, which have not been presented for payment, may be voided by the treasurer after a reasonable time. A request to the county depository to stop payment should be made at the time of voiding the warrants.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee